MARTIN NELSON v. W. C. KELSO and Another.[1]

December 4, 1903.

Nos. 13,679—(146).

**Personal Injury.**

 In a personal injury action, *held*, it conclusively appears from the evidence that plaintiff was familiar with the machinery and the place in which he worked, had been warned of the danger, and appreciated and assumed the risk of continuing at work.

Action in the district court for Beltrami county to recover $10,000 for personal injuries. The case was tried before McClenahan, J., and a jury, which rendered a verdict in favor of plaintiff for $5,500. From an order granting a motion for judgment in favor of defendant notwithstanding the verdict, plaintiff appealed. Affirmed.

 *A. A. Miller* and *L. H. Bailey,* for appellant.

 *Morton Barrows,* for respondents.

LEWIS, J.[2]

 Respondents owned and operated a sawmill, which was equipped with what is known as a "slab-chute," consisting of a flat table about

[1] Reported in 97 N. W. 459.
[2] START, C. J., ill, took no part.

three feet wide and about twenty feet long, upon which ran four endless chains lengthwise over sprocket wheels on shafts placed at either end of the chute. On one side of the chute, some three or four feet lower than its top, was a platform upon which the workman stood in the performance of his duties, which consisted in keeping the chute free from obstructions and seeing that the slabs and other refuse passed on and into the carts. This work required him to pass by the end of the shaft at the outer end of the chute. The sprocket wheel on this shaft was some two or three inches from the end, and the shaft passed through and revolved in a box set in the outer edge of the frame of the slab-chute outside of the sprocket wheel, and projected about an inch through the box over the outer edge of the chute towards the operator. This projection was not protected, and the end of the shaft was somewhat rough, a small piece having been splintered off. Appellant was twenty-three years old. He went to work in respondents' lumber yard February 15, 1902, where he remained until the following May 16, when he was set to work at the slab-chute. Over his other clothes appellant wore a pair of bib overalls, buttoned at each side, and held on by suspenders attached to the bib. He was standing on the platform above described, and while reaching over the chute for the purpose of handling or straightening the slabs either the end of the revolving shaft or the sprocket wheel caught him by the overalls, and whirled him around, causing serious injury. This action having been begun for the recovery of damages, at the close of the trial, on motion of respondents, the court ordered judgment for them notwithstanding the verdict. The specific charge of negligence is that the place where appellant was standing was dangerous and unsafe, and that respondents were guilty of negligence in maintaining the same in such condition.

The order of the court must be sustained for the reason that it conclusively appears from the evidence that appellant knew the condition of the machinery; was thoroughly familiar with the place where he worked; appreciated the danger, or should have done so; and assumed the risk of remaining there. Although he had worked at the slab-chute only three days when injured, and testified that the foreman had not warned him of the danger, yet he had observed the condition of the sprocket wheel and the shaft, and knew that it was rough at the end, and stated that while at work his overalls had once before been caught

sufficiently to unbutton them, and admitted that a fellow workman had warned and put him upon his guard. Under these circumstances, appellant assumed the risk of continuing in the employment.

Order affirmed.